# Exhibit B

CIVIL ACTION NO. _____        JEFFERSON CIRCUIT COURT

DIVISION _____

JUDGE _____

**RAPHAEL ATAK**        **PLAINTIFF**
**PO BOX 21381**
**LOUISVILLE, KY 40221**

v.        **COMPLAINT**
       (Electronically Filed)

**DAWN FOOD PRODUCTS, INC.**        **DEFENDANT**
**3333 SARGENT ROAD**
**JACKSON, MI 49201**

SERVE:    C T CORPORATION SYSTEM
           306 W MAIN ST
           SUITE 512
           FRANKFORT, KY 40601

## I.    INTRODUCTION

Comes the Plaintiff, RAPHAEL ATAK (hereinafter "ATAK" or "Plaintiff"), and for his Complaint against the Defendant, DAWN FOOD PRODUCTS, INC..(hereinafter "Defendant") states as follows:

## II.    PARTIES, JURISDICTION AND VENUE

1. Plaintiff ATAK is a Kentucky resident living in Kentucky.

2. Defendant is a corporation doing business in Kentucky.

3. Venue is proper in Jefferson Circuit Court pursuant to Kentucky Revised Statutes ("KRS"), Chapter 452, because the events that give rise to the causes of action in this case occurred in Jefferson County, Kentucky. The amount of controversy in this matter exceeds the jurisdictional limit of this Court.

Presiding Judge: HON. OLU A. STEVENS (630305)

COM : 000001 of 000003

## III.   FACTS

4.   ATAK is a former employee of the Defendant. ATAK is African American. Plaintiff worked for the defendant in 2018. ATAK worked as a shuttle driver.

5.   While working for the Defendant, ATAK was subjected race discrimination. This included, but was not limited to, the Defendant regularly treating Plaintiff less favorably than Plaintiff's Caucasian counter-parts with regard to assignments and discipline. And being subjected to a racially hostile work environment which included calling the Plaintiff a "nigger" and a "terrorist from African."

6.   ATAK complained to the Defendant's authorities and opposed what Plaintiff perceived to be unlawful discrimination and harassment.

7.   In response to ATAK's complaints, the defendant threatened the Plaintiff and retaliated against him; by terminating his employment.

## IV.   CLAIMS AND CAUSES OF ACTION

### A.   UNLAWFUL RETALIATION KRS 344.280

8.   ATAK re-alleges all allegations contained in Paragraphs 1 through 7 above as if fully set forth herein.

9.   The Defendant's actions in altering Plaintiff's employment in retaliation for Plaintiff's complaints constitute an actionable wrongful retaliation in violation of KRS 344.280.

### B.   RACE DISCRIMINATION/HOSTILE WORK ENVIRONMENT

10   ATAK re-alleges all allegations contained in Paragraphs 1 through 9 above as if fully set forth herein.

11.   The Defendant's actions in discriminating against the Plaintiff constitutes race discrimination an actionable violation of KRS 344 based on his termination.

## V. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays that Plaintiff be awarded the following relief and all other relief to which Plaintiff is entitled:

A. Trial by jury;

B. Judgment against the Defendant on all claims asserted herein;

C. Compensatory damages including but not limited to past and future lost wages and past and future lost benefits;

D. Compensatory damages including but not limited to emotional distress, mental anguish, humiliation and embarrassment;

E. Punitive damages to punish and deter similar future unlawful conduct;

F. An award of statutory attorney fees, costs and expenses; and

G. Statutory interest on all damages awards, verdicts or judgments.

Respectfully submitted,

/s/ Kurt A. Scharfenberger

_____
Kurt A. Scharfenberger
800 Kentucky Home Life Building
239 S. Fifth Street
Louisville, Kentucky 40202
(502) 561-0777 (phone)
(502) 236-0888 (fax)
Kurt@Scharfenberger-law.com

3

CIVIL ACTION NO. 19-CI-000865            JEFFERSON CIRCUIT COURT
DIVISION SIX (6)
JUDGE: HON. OLU A. STEVENS

RAPHAEL ATAK,                      PLAINTIFF,

v.

DAWN FOOD PRODUCTS, INC.,            DEFENDANT.

\*\*\*    \*\*\*    \*\*\*

## ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Dawn Food Products, Inc., by counsel, now submits this Answer in response to Plaintiff's Complaint. Defendant notes that, for ease of future reference, Plaintiff's Complaint allegations are set forth verbatim, with Defendant's responses following each allegation.

*First Defense*

### I.    INTRODUCTION

Comes the Plaintiff, Raphael Atak (hereinafter "Atak" or "Plaintiff"), and for Plaintiff's Complaint against the Defendant, Dawn Food Products, Inc. (hereinafter "Dawn" or "Defendant") states as follows:

**ANSWER:** Defendant admits that Plaintiff is bringing this action against Defendant Dawn Food Products, Inc. but denies that it has violated any law with respect to Plaintiff. Defendant further denies any remaining allegations and/or implications contained in the Introduction section of Plaintiff's Complaint.

### II.    PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Atak is a Kentucky resident living in Kentucky.

A358DF9E-571C-4916-83DC-05D0D602725C : 000001 of 000008

ANS : 000001 of 000008

**ANSWER:**　Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 and therefore denies the same.

2.　Defendant is a corporation doing business in Kentucky.

**ANSWER:**　Admitted.

3.　Venue is proper in Jefferson Circuit Court pursuant to Kentucky Revised Statutes ("KRS"), Chapter 452, because the events that give rise to the causes of action in this case occurred in Jefferson County, Kentucky. The amount of controversy in this matter exceeds the jurisdictional limit of this Court.

**ANSWER:**　Dawn admits that venue is proper in this Court based on the allegations contained in Plaintiff's Complaint but denies any implication that Jefferson Circuit Court is the only court with proper venue. Defendant admits that the amount in controversy exceeds the $5,000 jurisdictional limit of the Jefferson Circuit Court. Answering further, Dawn denies that it engaged in any conduct violating any of the statutes or laws identified in Plaintiff's Complaint and denies any remaining allegations and/or implications contained in Paragraph 3 of Plaintiff's Complaint.

### III.　FACTS

4.　Atak is a former employee of Defendant. Atak is African American. Plaintiff worked for the defendant in 2018. Atak worked as a shuttle driver.

**ANSWER:**　Defendant admits that Plaintiff was previously employed by Dawn Food Products, Inc., that Plaintiff is African American, and that Plaintiff worked for Dawn during portions of 2018. Defendant denies any remaining allegations and/or implications contained in this Paragraph 4.

A358DF9E-571C-4916-83DC-05D0D602725C : 000002 of 000008

ANS : 000002 of 000008

5. While working for the Defendant, ATAK was subjected race discrimination. This included, but was not limited to, the Defendant regularly treating Plaintiff less favorably than Plaintiff's Caucasian counter-parts with regard to assignments and discipline. And being subjected to a racially hostile work environment which included calling the Plaintiff a "nigger" and a "terrorist from African."

**ANSWER:** Denied.

6. ATAK complained to the Defendant's authorities and opposed what Plaintiff perceived to be unlawful discrimination and harassment.

**ANSWER:** Denied.

7. In response to Atak's complaints, the defendant threatened the Plaintiff and retaliated against him; by terminating his employment.

**ANSWER:** Denied.

### IV.    CLAIMS AND CAUSES OF ACTION
#### A.    UNLAWFUL RETALIATION KRS 344.280

8. Atak re-alleges all allegations contained in Paragraphs 1 through 7 above as if fully set forth herein.

**ANSWER:** Defendant adopts and incorporates by reference its responses to Paragraphs 1 to 7 of Plaintiff's Complaint as if set forth fully herein.

9. The Defendant's actions in altering Plaintiff's employment in retaliation for Plaintiff's complaints constitute an actionable wrongful retaliation in violation of KRS 344.280.

**ANSWER:** Denied.

### B. RACE DISCRIMINATION/HOSTILE WORK ENVIRONMENT

10. Atak re-alleges all allegations contained in Paragraphs 1 through 9 above as if fully set forth herein.

**ANSWER:** Defendant adopts and incorporates by reference its responses to Paragraphs 1 to 9 of Plaintiff's Complaint as if set forth fully herein.

11. The Defendant's actions in discriminating against the Plaintiff constitutes race discrimination an actionable violation of KRS 344 based on his termination.

**ANSWER:** Denied.

### V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that Plaintiff be awarded the following relief and all other relief to which Plaintiff is entitled:

A. Trial by jury;

B. Judgment against the Defendant on all claims asserted herein;

C. Compensatory damages including but not limited to past and future lost wages and past and future lost benefits;

D. Compensatory damages including but not limited to emotional distress, mental anguish, humiliation and embarrassment;

E. Punitive damages to punish and deter similar future unlawful conduct;

F. An award of statutory attorney fees, costs and expenses; and

G. Statutory interest on all damages awards, verdicts or judgments.

**ANSWER:** Defendant admits Plaintiff is seeking the requested relief, but Dawn denies it has violated any laws and denies it is liable to Plaintiff in any way, at equity or at law.

Answering further, Defendant objects to a jury determination of any equitable issues in this action or any other issues not triable by a jury.

### Second Defense

To the extent that an answer or response may be required which is not set forth herein, Defendant generally denies any allegations contained within Plaintiff's Complaint not expressly admitted.

### Third Defense

Subject to a reasonable opportunity for investigation and discovery, some of Plaintiff's claims may be barred by the doctrine of after-acquired evidence.

### Fourth Defense

Subject to a reasonable opportunity for investigation and discovery, Plaintiff has failed to mitigate his alleged damages.

### Fifth Defense

Plaintiff's claims for damages are barred as a matter of law or limited by the U.S. Constitution, the Kentucky Constitution, the Kentucky Civil Rights Act, and all other applicable federal and state laws.

### Sixth Defense

Plaintiff has no right to damages because Defendant would have made the same decisions and taken the same actions absent any alleged protected conduct by Plaintiff or any other alleged unlawful motivation.

### Seventh Defense

Dawn had legitimate, nondiscriminatory reasons for any and all personnel actions taken with respect to Plaintiff.

*Eighth Defense*

Plaintiff's Complaint fails to state one or more claims upon which relief can be granted.

*Ninth Defense*

To the extent Plaintiff is seeking punitive damages, such damages are not available to him under the Kentucky Civil Rights Act.

*Tenth Defense*

Plaintiff cannot state a legally cognizable claim for punitive damages because there is no evidence that Defendant engaged in any discriminatory practice with malice or with reckless indifference to Plaintiff's protected rights.

*Eleventh Defense*

Some or all of Plaintiff's claims are barred by the applicable statutes of limitations.

*Twelfth Defense*

Any request by Plaintiff for punitive damages is barred or otherwise limited by Dawn's good faith efforts to comply with equal opportunity employment laws.

*Thirteenth Defense*

Plaintiff's damages are limited by all applicable statutory caps.

*Fourteenth Defense*

Defendant exercises reasonable care to prevent and promptly correct any inappropriate behavior in the workplace and Plaintiff failed to take advantage of any preventative or corrective opportunities provided by Defendant to avoid harm.

*Fifteenth Defense*

Subject to a reasonable opportunity for investigation and discovery, Plaintiff's claims for damages may be barred or limited by the doctrines of waiver, laches, estoppel, and/or unclean hands.

### Sixteenth Defense

To the extent Plaintiff seeks a jury trial, this request is barred as it relates to equitable remedies or issues not triable to a jury.

### Seventeenth Defense

Defendant is entitled to attorneys' fees and other costs associated with the defense of this action on grounds that this action is frivolous, unreasonable, and groundless.

### Eighteenth Defense

Plaintiff's claims are barred by his failure to exhaust the remedies available under the provisions of the Collective Bargaining Agreement governing the terms and conditions of his employment.

### Nineteenth Defense

As a matter of law, Plaintiff is not entitled to recover any attorneys' fees on the claims asserted against Defendant, and even if he was, Plaintiff has failed to allege facts sufficient to allow the recovery of such fees.

### Reservation of Rights

Defendant reserves the right to assert additional affirmative defenses as Plaintiff's claims are clarified during the course of this litigation.

WHEREFORE, Defendant respectfully requests the Plaintiff take nothing by way of his Complaint, that this matter be dismissed in its entirety, that judgment be entered in Dawn's favor, that Dawn be awarded the costs incurred in its defense of this matter, and that Dawn be granted all other relief deemed necessary and appropriate by the Court.

Dated: March 6, 2019                    Respectfully submitted,

                                                         /s/ *Thomas M. Williams*
                                                         Thomas M. Williams
                                                         Amy L. Miles
                                                         **STOLL KEENON OGDEN PLLC**
                                                         500 West Jefferson Street, Suite 2000
                                                         Louisville, KY  40202
                                                         Phone:     (502) 333-6000
                                                         Facsimile:    (502) 333-6099
                                                         tom.williams@skofirm.com
                                                         amy.miles@skofirm.com

                                                         *Attorneys for Defendant,*
                                                         *Dawn Food Products, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of March, 2019, I electronically filed the foregoing Answer to Plaintiff's Complaint with the Clerk of the Court via the Court's electronic filing system, which will send email notification of said filing to the following:

    Kurt A. Scharfenberger
    800 Kentucky Home Life Building
    239 South Fifth Street
    Louisville, KY  40202
    Phone: (502) 561-0777
    Fax:     (502) 236-0888
    kurt@scharfenberger-law.com

                                                         /s/ *Thomas M. Williams*
                                                         *Attorneys for Defendant,*
                                                         *Dawn Food Products, Inc.*